**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF WASHINGTON**

**AT TACOMA**

| | |
|---|---|
| MARINA RODRIGUEZ,<br><br>Plaintiff,<br><br>vs.<br><br>CONVERGENT OUTSOURCING, INC. f/k/a ER SOLUTIONS, INC., LVNV FUNDING, LLC, AND RESURGENT CAPITAL SERVICES, LP,<br><br>Defendants. | Case No.<br><br>**COMPLAINT FOR VIOLATION OF FEDERAL FAIR DEBT COLLECTION PRACTICES ACT** |

## NATURE OF ACTION

1. This is an action brought under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq*., and the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227.

WEISBERG & MEYERS, LLC
5025 N. Central Ave., #602
Phoenix, AZ 85012
888-595-9111 ext 412
866-565-1327 facsimile
dkurz@AttorneysForConsumers.com

## JURISDICTION AND VENUE

2. This Court has jurisdiction under 15 U.S.C. § 1692k(d), 47 U.S.C. § 227(b)(3), and 28 U.S.C. § 1331.

3. Venue is proper before this Court pursuant to 28 U.S.C. § 1391(b), where the acts and transactions giving rise to Plaintiff's action occurred in this district, where Plaintiff resides in this district, and/or where Defendants transact business in this district.

## PARTIES

4. Plaintiff, Marina Rodriguez ("Plaintiff"), is a natural person who at all relevant times resided in the State of Washington, County of Kitsap, and City of Poulsbo.

5. Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3).

6. Defendant, Convergent Outsourcing, Inc. ("Convergent"), formally known as ER Solutions, Inc., is an entity which all relevant times was engaged, by use of the mails and telephone, in the business of attempting to collect a "debt" from Plaintiff, as defined by 15 U.S.C. § 1692a(5).

7. Defendant, LVNV Funding, LLC, ("LVNV"), is an entity who acquires debt in default merely for collection purposes, and who at all relevant times was engaged in the business of directly or indirectly attempting to collect a

WEISBERG & MEYERS, LLC
5025 N. Central Ave., #602
Phoenix, AZ 85012
888-595-9111 ext 412
866-565-1327 facsimile
dkurz@AttorneysForConsumers.com

debt from Plaintiff.

8. Defendant, Resurgent Capital Services, LP ("Resurgent"), is an entity who services debts already in default on behalf of LVNV, and who at all relevant times was engaged in the business of attempting to collect a debt from Plaintiff.

9. Defendants, Convergent Outsourcing, Inc., LVNV Funding, LLC, and Resurgent Capital Services, LP (“Defendants”) are “debt collectors” as defined by 15 U.S.C. § 1692a(6).

**FACTUAL ALLEGATIONS**

10. Plaintiff is a natural person obligated, or allegedly obligated, to pay a debt once owed or due, or asserted to be once owed or due a creditor other than Defendants.

11. Plaintiff’s obligation, or alleged obligation, once owed or due, or asserted to be once owed or due a creditor other than Defendants, arises from a transaction in which the money, property, insurance, or services that are the subject of the transaction were incurred primarily for personal, family, or household purposes.

12. Plaintiff incurred the obligation, or alleged obligation, once owed or due, or asserted to be once owed or due a creditor other than Defendants.

WEISBERG & MEYERS, LLC
5025 N. Central Ave., #602
Phoenix, AZ 85012
888-595-9111 ext 412
866-565-1327 facsimile
dkurz@AttorneysForConsumers.com

13. Convergent uses instrumentalities of interstate commerce or the mails in a business the principal purpose of which is the collection of any debts, and/or regularly collects or attempts to collect, directly or indirectly, debts owed or due, or asserted to be owed or due another.

14. LVNV purchases debts once owed or once due, or asserted to be once owed or once due a creditor.

15. LVNV acquired Plaintiff's debt once owed or once due, or asserted to be once owed or once due a creditor, when the debt was in default.

16. LVNV is thoroughly enmeshed in the debt collection business, and LVNV is a significant participant in Resurgent's debt collection process.

17. Resurgent is a manager and servicer of defaulted consumer debt portfolios for debt buyers, including LVNV, and performs collection services on their behalf.

18. Resurgent may perform these activities directly, or in most cases, will outsource the recovery activities to other collection agencies.

19. Resurgent outsourced collection of Plaintiff's alleged debt to Convergent, who engaged in collection activity on behalf of Resurgent and LVNV.

20. In connection with collection of an alleged debt in default,



WEISBERG & MEYERS, LLC
5025 N. Central Ave., #602
Phoenix, AZ 85012
888-595-9111 ext 412
866-565-1327 facsimile
dkurz@AttorneysForConsumers.com

Convergent, itself and on behalf of LVNV and Resurgent, called Plaintiff's cellular telephone on February 28, 2012 at 8:37 P.M., and at such time, left the following voicemail message:

> "—This is an attempt to collect a debt by a debt collector. Any information obtained will be used for that purpose. Please contact me at 855-343-7888. Thank you."

21. In its voicemail message of February 28, 2012, Convergent failed to disclose its true corporate or business name in a telephone call to Plaintiff.

22. In failing to disclose its true corporate or business name in a telephone call to Plaintiff, Convergent failed to meaningfully disclose its identity to Plaintiff.

23. Convergent's February 28, 2012 voicemail message was delivered using an artificial or prerecorded voice.

24. Upon information and good-faith belief, the telephone call identified above was placed to Plaintiff's cellular telephone number using an automatic telephone dialing system.

25. Convergent did not place any telephone calls to Plaintiff for emergency purposes.

26. Each and every telephone call Convergent placed to Plaintiff was in connection with the collection of a debt on behalf of Resurgent and LVNV.

WEISBERG & MEYERS, LLC
5025 N. Central Ave., #602
Phoenix, AZ 85012
888-595-9111 ext 412
866-565-1327 facsimile
dkurz@AttorneysForConsumers.com

27. Plaintiff did not provide Convergent with her prior express consent to make any telephone calls to Plaintiff's cellular telephone number.

28. Upon information and good-faith belief, Convergent placed the telephone call identified above voluntarily.

29. Upon information and good-faith belief, Convergent placed the telephone call identified above under its own free will.

30. Upon information and good-faith belief, Convergent had knowledge that it was using an automatic telephone dialing system to make and/or place the telephone call identified above.

31. Upon information and good-faith belief, Convergent intended to use an automatic telephone dialing system to make and/or place the telephone call identified above.

32. Upon information and good-faith belief, Convergent had knowledge that it was using an artificial or prerecorded voice to make and/or place the telephone call identified above.

33. Upon information and good-faith belief, Convergent intended to use an artificial or prerecorded voice to make and/or place the telephone call identified above.

34. Upon information and good-faith belief, Convergent maintains

WEISBERG & MEYERS, LLC
5025 N. Central Ave., #602
Phoenix, AZ 85012
888-595-9111 ext 412
866-565-1327 facsimile
dkurz@AttorneysForConsumers.com

business records that show all calls Convergent placed to Plaintiff's cellular telephone number.

35. Convergent willingly and knowingly placed non-emergency calls to Plaintiff's cellular telephone, without the prior express consent of Plaintiff, using an automatic telephone dialing system and/or an artificial or pre-recorded voice, including, but not limited to, the call placed on February 28, 2012.

36. Defendants' actions constitute conduct highly offensive to a reasonable person.

**COUNT I**
**VIOLATIONS OF 15 U.S.C. § 1692d(6)**
**DEFENDANT CONVERGENT**

37. Plaintiff repeats and re-alleges each and every allegation above.

38. Convergent violated 15 U.S.C. § 1692d(6) by placing telephone calls without meaningfully disclosing the caller's identity.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a) Adjudging that Convergent violated 15 U.S.C. § 1692d(6);

b) Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. § 1692k, in the amount of $1,000.00;

c) Awarding Plaintiff actual damages, pursuant to 15 U.S.C. § 1692k;

d) Awarding Plaintiff reasonable attorneys' fees and costs incurred in

WEISBERG & MEYERS, LLC
5025 N. Central Ave., #602
Phoenix, AZ 85012
888-595-9111 ext 412
866-565-1327 facsimile
dkurz@AttorneysForConsumers.com

this action;

e) Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law;

f) Awarding such other and further relief as the Court may deem just and proper.

**COUNT II**
**VIOLATIONS OF 15 U.S.C. § 1692d(6)**
**DEFENDANT LVNV**

39. Plaintiff repeats and re-alleges each and every allegation above.

40. LVNV, by virtue of its status as a "debt collector" under the FDCPA, is liable for actions of Convergent, the debt collector retained to collect an alleged debt from Plaintiff on its behalf.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a) Adjudging that LVNV violated 15 U.S.C. § 1692d(6);

b) Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. § 1692k, in the amount of $1,000.00;

c) Awarding Plaintiff actual damages, pursuant to 15 U.S.C. § 1692k;

d) Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action;

e) Awarding Plaintiff any pre-judgment and post-judgment interest as

WEISBERG & MEYERS, LLC
5025 N. Central Ave., #602
Phoenix, AZ 85012
888-595-9111 ext 412
866-565-1327 facsimile
dkurz@AttorneysForConsumers.com

may be allowed under the law;

f) Awarding such other and further relief as the Court may deem just and proper.

**COUNT III**
**VIOLATIONS OF 15 U.S.C. § 1692d(6)**
**DEFENDANT RESURGENT**

41. Plaintiff repeats and re-alleges each and every allegation above.

42. Resurgent, by virtue of its status as a "debt collector" under the FDCPA, is liable for actions of Convergent, the debt collector retained to collect an alleged debt from Plaintiff on its behalf.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a) Adjudging that Resurgent violated 15 U.S.C. § 1692d(6);

b) Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. § 1692k, in the amount of $1,000.00;

c) Awarding Plaintiff actual damages, pursuant to 15 U.S.C. § 1692k;

d) Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action;

e) Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law;

f) Awarding such other and further relief as the Court may deem just

WEISBERG & MEYERS, LLC
5025 N. Central Ave., #602
Phoenix, AZ 85012
888-595-9111 ext 412
866-565-1327 facsimile
dkurz@AttorneysForConsumers.com

and proper.

**COUNT IV**
**VIOLATIONS OF 47 U.S.C. § 227(b)(1)(A)(iii)**
**DEFENDANT CONVERGENT**

43. Plaintiff repeats and re-alleges each and every allegation contained above.

44. Convergent violated 47 U.S.C. § 227(b)(1)(A)(iii) by willfully and knowingly placing non-emergency calls to Plaintiff's cellular telephone, without the prior express consent of Plaintiff, using an automatic telephone dialing system and/or an artificial or pre-recorded voice.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a) Adjudging that Convergent violated 47 U.S.C. § 227(b)(1)(A)(iii);

b) Enjoining Convergent from continuing its violative behavior, pursuant to 47 U.S.C. § 227(b)(3)(A);

c) Awarding Plaintiff actual damages, or statutory damages in the amount of $500.00 per violation, whichever is greater, pursuant to 47 U.S.C. § 227(b)(3)(B);

d) Awarding Plaintiff treble damages, pursuant to 47 U.S.C. § 227(b)(3), in the amount of $1,500.00 per violation, or three times Plaintiff's actual damages, whichever is greater;

WEISBERG & MEYERS, LLC
5025 N. Central Ave., #602
Phoenix, AZ 85012
888-595-9111 ext 412
866-565-1327 facsimile
dkurz@AttorneysForConsumers.com

e) Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law.

f) Awarding such other and further relief as the Court may deem just and proper.

**COUNT V**
**VIOLATIONS OF 47 U.S.C. § 227(b)(1)(A)(iii)**
**DEFENDANT LVNV**

45. Plaintiff repeats and re-alleges each and every allegation contained above.

46. LVNV is liable for the actions of Convergent under the TCPA. In re Rules Implementing the Telephone Consumer Protection Act of 1991, 23 F.C.C.R. 559, 564 (2008) ("Calls placed by a third party collector on behalf of that creditor are treated as if the creditor itself placed the call.").

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a) Adjudging that LVNV violated 47 U.S.C. § 227(b)(1)(A)(iii);

b) Enjoining LVNV from continuing its violative behavior, pursuant to 47 U.S.C. § 227(b)(3)(A);

c) Awarding Plaintiff actual damages, or statutory damages in the amount of $500.00 per violation, whichever is greater, pursuant to 47 U.S.C. § 227(b)(3)(B);

WEISBERG & MEYERS, LLC
5025 N. Central Ave., #602
Phoenix, AZ 85012
888-595-9111 ext 412
866-565-1327 facsimile
dkurz@AttorneysForConsumers.com

d) Awarding Plaintiff treble damages, pursuant to 47 U.S.C. § 227(b)(3), in the amount of $1,500.00 per violation, or three times Plaintiff's actual damages, whichever is greater;

e) Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law.

f) Awarding such other and further relief as the Court may deem just and proper.

**COUNT VI**
**VIOLATIONS OF 47 U.S.C. § 227(b)(1)(A)(iii)**
**DEFENDANT RESURGENT**

47. Plaintiff repeats and re-alleges each and every allegation contained above.

48. Resurgent is liable for the actions of Convergent under the TCPA. In re Rules Implementing the Telephone Consumer Protection Act of 1991, 23 F.C.C.R. 559, 564 (2008) ("Calls placed by a third party collector on behalf of that creditor are treated as if the creditor itself placed the call.").

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a) Adjudging that Resurgent violated 47 U.S.C. § 227(b)(1)(A)(iii);

b) Enjoining Resurgent from continuing its violative behavior, pursuant to 47 U.S.C. § 227(b)(3)(A);

WEISBERG & MEYERS, LLC
5025 N. Central Ave., #602
Phoenix, AZ 85012
888-595-9111 ext 412
866-565-1327 facsimile
dkurz@AttorneysForConsumers.com

c) Awarding Plaintiff actual damages, or statutory damages in the amount of $500.00 per violation, whichever is greater, pursuant to 47 U.S.C. § 227(b)(3)(B);

d) Awarding Plaintiff treble damages, pursuant to 47 U.S.C. § 227(b)(3), in the amount of $1,500.00 per violation, or three times Plaintiff's actual damages, whichever is greater;

e) Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law.

f) Awarding such other and further relief as the Court may deem just and proper.

**TRIAL BY JURY**

49. Plaintiff is entitled to and hereby demands a trial by jury.

Respectfully submitted this 14th day of May, 2012.

s/Dennis R. Kurz
Dennis R. Kurz
WEISBERG & MEYERS, LLC
Attorney for Plaintiff

WEISBERG & MEYERS, LLC
5025 N. Central Ave., #602
Phoenix, AZ 85012
888-595-9111 ext 412
866-565-1327 facsimile
dkurz@AttorneysForConsumers.com